UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WTI, Inc., a Washington Corporation,<br><br>                              Plaintiff,<br><br>            v.<br><br>AFFINITY NETWORK, INC., a California Corporation, and NOSVA LIMITED PARTNERSHIP, a Maryland Limited Partnership,<br><br>                              Defendants. | Case No. C09-0497MJP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT |

This matter comes before the Court on Defendants' motion to dismiss the complaint. (Dkt. No. 8.) The Court has not received any response memorandum from Plaintiff or any reply brief. For the reasons set forth below, the Court GRANTS Defendants' motion and dismisses this matter.

**Background**

Plaintiff WTI, a Washington corporation, sued Defendants Affinity Network ("ANI"), a California corporation, and NOSVA Limited Partnership ("NOSVA"), a Maryland Limited Partnership, asserting jurisdiction based on diversity of citizenship. (Compl. ¶¶ 1.1-1.4, 2.1.) The complaint seeks relief for injuries arising out of two contracts: (1) WTI's "Wholesale Carrier Service Agreement" with ANI (hereinafter "Wholesale Agreement") and (2) WTI's "Sales Agency Agreement" with NOSVA

(hereinafter "Agency Agreement"). (Id. ¶¶ 3.1, 3.8.) Neither Defendant is a party to both contracts. Based on the Agency Agreement, WTI asserts it is entitled to $311,109.14 in accounting from NOSVA. (Id. ¶ 4.2; see also ¶ 3.10 (seeking an additional $60,000.00 from NOSVA).) The Complaint also seeks $42.677.43 from ANI under the Wholesale Agreement. (Id. ¶ 3.7.)

The Agency Agreement contains a forum selection clause that provides:

> "This agreement shall be governed and construed in accordance with the laws of the State of Nevada, without regard to its conflict of laws principles. For the adjudication of any disputes arising under this Agreement, the parties hereby consent to the exclusive jurisdiction and venue in the state and federal courts located in Las Vegas, Nevada."

(Benedict Decl., Ex. A at ¶ 21.)

## Discussion

Defendants move to dismiss the complaint because (1) claims against NOSVA must be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) and (2) any remaining claims against ANI must be dismissed for failure to satisfy the amount in controversy requirement of 28 U.S.C. § 1332. (See Dkt. No. 8.) Plaintiff has failed to provide any response. Under Local Rule 7(b)(2), when a party fails to oppose an adverse motion, "such failure may be considered by the court as an admission that the motion has merit." Defendants' motion must be granted on both issues.

First, a motion to dismiss based on the enforcement of a forum selection clause is treated as a motion for dismissal based on improper venue under Fed. R. Civ. P. 12(b)(3). Arguenta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996) (further noting 12(b)(3) analysis allows the court to consider facts outside the pleadings). When deciding a motion to dismiss based on a forum selection clause, the Court must assess whether the contract's language is mandatory or permissive. Docksider, Ltd. v. Sea Technology, Ltd., 875 F.2d 762, 764 (9th Cir. 1989). The language of the forum

selection clause in the Agency Agreement in unequivocal: "For the adjudication of any disputes arising under this Agreement, the parties hereby consent to the exclusive jurisdiction and venue in the state and federal courts located in Las Vegas, Nevada." (Benedict Decl., Ex. A at ¶ 21.) Defendants are therefore entitled to dismissal of all claims arising out of the Agency Agreement. (See Dkt. No. 8 at 6.)

Second, under 28 U.S.C. § 1332(a), district courts have original jurisdiction over civil actions between diverse litigants where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs…." To be entitled to dismissal, a defendant must demonstrate with "legal certainty" that the claim is less than $75,000. Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1131 (9th Cir. 2000). Plaintiff's complaint seeks only $42,677.43 from ANI based on the Wholesale Agreement. (Compl. ¶ 3.7.) In the absence of the NOSVA contract to buttress its aggregate damages total, Plaintiff's claims against ANI plainly fall below the jurisdictional minimum.

Defendants are entitled to dismissal of all claims.

## Conclusion

The Court GRANTS Defendants' motion (Dkt. No. 8) and finds and orders as follows: (1) Plaintiff's claims against NOSVA are DISMISSED under Rule 12(b)(3) for failure to comply with a mandatory forum selection clause and (2) Plaintiff's claims against ANI are DISMISSED for failure to satisfy the amount in controversy requirement of 28 U.S.C. § 1332. This matter be and hereby is dismissed.

Dated this 27th day of October, 2009.

Marsha J. Pechman
United States District Judge